**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ET SECURITY, INC., | |
| Plaintiff, | Civil Action No. _____ |
| v. | **VERIFIED COMPLAINT** |
| ARON SECURITY, Inc. d/b/a ARROW SECURITY, | |
| Defendant. | |

Plaintiffs ET Security, Inc. ("ET Security"), by and through the undersigned, hereby sues Defendant, Aron Security, Inc. d/b/a Arrow Security ("Arrow Security" or "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b), as Defendant engaged in substantial activity within the State of New York.

3.      The amount in controversy on each of the causes of action below exceeds the sum of $75,000 exclusive of interest and costs.

## THE PARTIES

4.      Plaintiff ET Security is a California corporation with its principal place of business in Van Nuys, California.

5.      Defendant Arrow Security is a New York corporation with its principal place of business in Smithtown, New York.

1

## FACTS COMMON TO ALL CAUSES OF ACTION

6.      On or about March 21, 2014, ET Security and Arrow Security entered into a Subcontract Agreement, whereby ET Security was to provide services as defined therein (hereinafter, the "Subcontract Agreement"). Attached hereto and incorporated herein as Exhibit A is a true and correct copy of the Subcontract Agreement.

7.      Pursuant to the Subcontract Agreement, ET Security would, and did, provide security guard services for Arrow Security.

8.      In exchange, Arrow Security was required to, but failed to, make all payments within sixty (60) days of the invoice dates.

9.      The terms of the Subcontract Agreement were freely negotiated by and between ET Security and Arrow Security.

10.      Between August 2014 and July 2015, ET Security provided Arrow Security with invoices reflecting the true and correct balances due, less amounts paid, where applicable.

11.      As of the date of filing, the total amount outstanding on the invoices issued by ET Security is $186,059.18.

12.      As of the date of filing, Arrow Security failed and refused to pay the balances due to ET Security, despite having received all invoices.

13.      ET Security retained the undersigned attorneys to represent it in this matter and agreed to pay a reasonable fee for said services.

14.      All conditions precedent to bringing this action have been performed, waived, occurred or would be futile in light of the facts and circumstances of this case.

## FIRST CAUSE OF ACTION
## BREACH OF SUBCONTRACT AGREEMENT

15.     ET Security realleges and incorporates all preceding paragraphs as though fully set forth herein.

16.     On or about March 21, 2014, ET Security and Arrow Security entered into the Subcontract Agreement, which was supported by offer, acceptance, consideration, and a meeting of the minds.

17.     ET Security offered to provide Arrow Security with security guard services.

18.     Arrow Security accepted ET Security's offer and agreed to pay ET Security for its services.

19.     ET Security performed all of its duties, obligations, and conditions precedent pursuant to the terms of the Subcontract Agreement.

20.     Arrow Security materially breached the terms of the Subcontract Agreement by failing and refusing to pay ET Security for its services in the amount of $186,059.18.

21.     ET Security has suffered and continues to suffer monetary damages as a result of Arrow Security's material breach of the Subcontract Agreement.

22.     By reason of the foregoing, ET Security has been damaged in a sum to be determined by the court, but believed to be in excess of $75,000, exclusive of interest and attorneys' fees.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

23.     ET Security realleges and incorporates all preceding paragraphs as though fully set forth herein.

24.     ET Security agreed to provide services to Arrow Security, and Arrow Security agreed to compensate ET Security for said services.

25.     Arrow Security received services provided by ET Security from March 21, 2014, through the date of this Complaint.

26.     As a result of the services provided by ET Security to Arrow Security, which benefit was known to, accepted, and retained by Arrow Security.

27.     Arrow Security has not and refuses to pay ET Security in the amount of $186,059.18, which represents the value of the services provided by ET Security to Arrow Security. Attached hereto and incorporated herein as Exhibit B is a true and correct copy of the Composite Exhibit, which reflects the true and correct balances due and owing to ET Security by Arrow Security.

28.     Under the circumstances described heretofore, Arrow Security has been unjustly enriched as a result of its refusal to pay for services provided by ET Security for the benefit of Arrow Security, and it would be inequitable to permit Arrow Security to retain the value and benefit of such services provided by ET Security to Arrow Security without compensating ET Security for the services. Equity and good conscience require restitution to ET Security.

29.     Nonetheless, Arrow Security has at all times failed to and refused to pay those monies due and owing, thereby wrongfully depriving ET Security of funds to which it has a present and immediate right of possession, although demand for payment has been duly and timely made.

4

30.     ET Security has suffered and continues to suffer monetary damages as a result of Arrow Security's unjust enrichment.

31.     By reason of the foregoing, ET Security has been damaged in a sum to be determined by the court, but believed to be in excess of $75,000, exclusive of interest and attorneys' fees.

## THIRD CAUSE OF ACTION
## ACCOUNT STATED

32.     ET Security realleges and incorporates all preceding paragraphs as though fully set forth herein.

33.     ET Security agreed to provide services to Arrow Security, and Arrow Security agreed to compensate ET Security for its services.

34.     Between August 2014 and July 2015, ET Security provided Arrow Security with invoices reflecting the true and correct balances due, less amounts paid, where applicable.

35.     Arrow Security received and accepted the benefit of ET Security's services, and did send an objection to Exhibit B hereto, which reflects the balances due to ET Security for services provided by ET Security to Arrow Security for the time periods reflected.

36.     Arrow Security has never denied that ET Security provided services to Arrow Security as set forth in the Subcontract Agreement and Exhibit B hereto.

37.     Arrow Security promised and obligated itself to pay the balances due as reflected in the invoices referenced in Exhibit B hereto.

38.     Arrow Security failed to object to the accuracy of the invoices referenced in Exhibit B hereto, which reflect the balances due to ET Security for services provided by Arrow Security for the time periods reflected in Exhibit B hereto.

39.     As of the date of filing, Arrow Security owes ET Security $186,059.18, which represents the value of services provided by ET Security to Arrow Security for the time periods reflected in Exhibit B hereto, pursuant to the terms of the Subcontract Agreement.

40.     Demand for payment has been duly and timely made.

41.     ET Security has suffered and continues to suffer monetary damages as a result of Arrow Security's failure and refusal to pay its accounts to ET Security.

42.     By reason of the foregoing, ET Security has been damaged in a sum to be determined by the court, but believed to be in excess of $75,000, exclusive of interest and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**OPEN ACCOUNT**

43.     ET Security realleges and incorporates all preceding paragraphs as though fully set forth herein.

44.     Before the initiation of this action, ET Security and Arrow Security engaged in business transactions in which ET Security agreed to provide services to Arrow Security, and Arrow Security agreed to compensate ET Security for same.

45.     ET Security provided services to Arrow Security pursuant to the Subcontract Agreement.

46.     ET Security provided Arrow Security with invoices, see Exhibit B hereto, reflecting the true and correct balances due to ET Security for the services provided by ET Security to Arrow Security for the time periods reflected in Exhibit B hereto.

47.     As of the date of filing, Arrow Security owes ET Security $186,059.18, which represents the value of services provided by ET Security to Arrow Security for the time periods reflected in Exhibit B hereto, pursuant to the terms of the Subcontract Agreement.

48.     Arrow Security received and accepted the benefits of ET Security's services for the time periods reflected in Exhibit B hereto.

49.     Arrow Security promised and obligated itself to pay the balances reflected in Exhibit B hereto.

50.     Arrow Security failed to object to the invoices reflected in Exhibit B hereto, which reflects the balances due and owing to ET Security for services provided by Arrow Security, for the time periods reflected in Exhibit B hereto.

51.     As of the date of filing, Arrow Security owes ET Security $186,059.18, which represents the value of services provided by ET Security to Arrow Security for the time periods reflected in Exhibit B hereto, pursuant to the terms of the Subcontract Agreement.

52.     Demand for payment has been duly and timely made.

53.     ET Security has suffered and continues to suffer monetary damages as a result of Arrow Security's failure and refusal to pay its accounts to ET Security.

54.     By reason of the foregoing, ET Security has been damaged in a sum to be determined by the court, but believed to be in excess of $75,000, exclusive of interest and attorneys' fees.

### JURY DEMAND

ET Security hereby demands a trial by jury of all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Justin M. Klein, Esq., is hereby designated as trial counsel.

Dated:   September 17, 2015                     Respectfully Submitted,

                                               **MARKS & KLEIN, LLP**

                                        By:    _____
                                               Justin M. Klein, Esq.
                                               63 Riverside Avenue
                                               Red Bank, New Jersey 07701
                                               Telephone: (732) 747-7100
                                               Facsimile: (732) 219-0625
                                               *Attorney for Plaintiff ET Security, Inc.*

## VERIFICATION OF ET SECURITY, INC.

I, Eddie Tucker, on behalf of ET Security, Inc., have read the contents of the Verified Complaint and Jury Demand, and hereby verify, under penalty of perjury, that the allegations set forth therein are true and accurate to the best of my knowledge.

Executed this 17th day September 2015.

ET Security, Inc.
by Eddie Tucker, President

10