# EXHIBIT A



**ARROW SECURITY**
GET ARROW - GET SECURE

300 West Main Street Smithtown, N.Y. 11787 (631) 675-2430 FAX: (631) 675-2431 Email:
dispatch@arrowsecurity.net

## SUBCONTRACT AGREEMENT

THIS SUBCONTRACT AGREEMENT entered into this 21 day of MARCH, 2014

By and between Aron Security dba Arrow Security, Inc. hereby known as "Arrow" with its principal office at 300 West Main Street Smithtown, N.Y. 11787 and:

ET SECURITY INC _____ [Print Organization Name] with its offices at:

7100 HAYVENHURST AVE STE 318 [Print Street Address]

VAN NUYS, _____ [City/Town],

CA _____ [State], 91406 _____ [Zip].

WHEREAS, CONTRACTOR provides security related services to third parties; and

WHEREAS, CONTRACTOR desires to subcontract the provision of certain security services to

SUBCONTRACTOR and SUBCONTRACTOR desires to perform said services in accordance with the terms and conditions contained herein.

NOW, THEREFORE, in consideration of the mutual and reciprocal promises and obligations set forth herein below, the parties agree as follows:

1. Services.

1.1. SUBCONTRACTOR shall, during the term of this Agreement, perform such services as set forth in Schedule 1.1. ("Services") to Contactor's Clients in states that

SUBCONTRACTOR is duly licensed to perform such services therein ("Customer") and such other services upon which the parties may mutually agree, subject to the terms and conditions hereinafter set forth.

1.2. SUBCONTRACTOR shall furnish, at its own cost and expense, such labor,

supervision, materials, tools, supplies, insurance, equipment and all other items required pursuant to Schedule 1.1 for the performance of the Services and SUBCONTRACTOR shall pay, punctually and in full, all payroll taxes and other costs based on payroll, including social security and unemployment and disability benefits insurance required to be paid. SUBCONTRACTOR shall also pay all federal, state and local taxes in connection with the performance of the Services, and any other Services that SUBCONTRACTOR may perform for CONTRACTOR pursuant to this Agreement.

2. Term; Termination.

2.1. This Agreement shall commence on the date hereof and shall remain in effect until

(i) 7 days after written notice of termination is given by either party to the other.

2.2. Notwithstanding the terms of Section 2.1., CONTRACTOR may immediately

terminate this Agreement upon the occurrence of any of the following events:

2.2.1. If any representation or warranty made by SUBCONTRACTOR

Here under proves to have been incorrect in any material respect when made, or if

SUBCONTRACTOR fails or refuses to fulfill any of its obligations under this Agreement; or 2.2.2. If any insurance coverage or license of certification issued by any Government licensing authority lapses or is revoked or suspended or any action is brought Against SUBCONTRACTOR by any government authority seeking revocation, suspension

Or imposition of a fine or other penalty against SUBCONTRACTOR or any of its

Affiliates; or

2.2.3. in the event of CONTRACTOR or SUBCONTRACTOR's

Bankruptcy; or

2.2.4. in the event CONTRACTOR or Customer terminates the Services

at any location to which SUBCONTRACTOR renders Services hereunder.

As used herein, the term "Bankruptcy" shall mean: (a) the filing by it of a petition in bankruptcy commencing a voluntary case, proceeding or other action against it; (b) a general assignment by it for the benefit of creditors; (c) its insolvency or inability to pay its debts as they become due; (d) the filing of it of any petition or answer in any proceeding seeking for itself, consenting to or acquiescing in any insolvency, receivership, composition, re-adjustment, liquidation, dissolution or similar relief under any present or future statute, law or regulation, or the filing by it of an answer or pleading or failing to deny or to contest the material allegations of the petition filed against it in any such proceedings; (e) its seeking or consenting to, or acquiescing in, the appointment of any trustee, receiver or liquidator of it, or any material part of its property; or (f) the commencement against it of an involuntary case, proceeding or other action in bankruptcy, or a proceeding, case or other action under any receivership, composition, re-adjustment, liquidation, insolvency, dissolution or like law or statute, which involuntary action remains undismissed and undischarged for a period of sixty (60) days.

3. Remuneration.

CONTRACTOR shall pay SUBCONTRACTOR for the Services rendered during the preceding month, in accordance with the amounts set forth in Schedule 1.1. Payments shall be due and owing without offset within sixty (60) days of SUBCONTRACTOR's invoice date, time being of the essence. CONTRACTOR shall reimburse SUBCONTRACTOR for all costs of collection, including reasonable attorneys' fees incurred to collect any monies due but unpaid in accordance with the terms of this section.

4. SUBCONTRACTOR'S Obligations.

SUBCONTRACTOR covenants and agrees that:

4.1. All of SUBCONTRACTOR's personnel providing security guard services pursuant to this Agreement shall be registered as security officers in accordance with applicable state and local laws.

4.2. SUBCONTRACTOR shall supply supervisory personnel and equipment as set forth in Schedule 1.1. for the performance of all Services.

4.3. SUBCONTRACTOR shall abide by all rules, regulations and post orders which are applicable to CONTRACTOR's operations at the Customer's premises.

4.4. SUBCONTRACTOR shall comply with all laws, ordinances, codes, rules and regulations relating to the performance of the Services. SUBCONTRACTOR shall obtain, at SUBCONTRACTOR's own cost and expense, all necessary permits or licenses required for the performance of the Services.

5. Representations and Warranties of SUBCONTRACTOR.

SUBCONTRACTOR, represents and warrants as hereinafter set forth in this Section 5.

5.1. Organization; Power; Good Standing and Capitalization of SUBCONTRACTOR.

SUBCONTRACTOR is a corporation duly organized, validly existing, and in good standing under the laws of the State of New York, county of Suffolk and has full corporate power and authority to perform the Services. SUBCONTRACTOR has full corporate power and authority to execute and deliver this Agreement and the other agreements contemplated hereby, to perform its obligations hereunder and thereunder and to consummate the transactions contemplated hereby and thereby.

5.2. SUBCONTRACTOR is under no pending, or to the best of its knowledge threatened, investigation by any federal, state or local agency, department or authority.

5.3. SUBCONTRACTOR's License(s) in the jurisdictions in which

SUBCONTRACTOR is to perform Services have never been suspended or revoked.

6. Insurance.

6.1. **SUBCONTRACTOR shall maintain during the term of this Agreement, at its own expense, worker's compensation insurance and unemployment insurance as required by law, and public liability insurance covering personal injury and property damage with combined single limits of**

**$1,000,000.00 with Aron Security dba Arrow Security Inc or 300 West Main Street Smithtown, N.Y. 11787 named as additionally insured.**

6.2. SUBCONTRACTOR shall maintain contractual liability insurance to insure the indemnification provided herein below, and such insurance shall provide for both personal injury and property damage liability coverage.

6.3. Prior to commencing the Services, SUBCONTRACTOR shall furnish a certificate of insurance evidencing compliance with the foregoing provisions of this Section 6. and providing that such insurance policies will not be changed or canceled during their respective terms without at least ten (10) days prior notice by registered or certified mail to CONTRACTOR. SUBCONTRACTOR must also furnish Arrow with a signed W9 on order to receive payment for any services rendered.

7. Indemnification.

SUBCONTRACTOR shall indemnify, defend and hold harmless CONTRACTOR, and its

and their respective stockholders, directors, officers, and employees ("indemnities'") from and against any and all claims, demands, damages, liabilities, costs and expenses, including attorney's fees and expenses, which may be suffered by, accrued against or charged to or recoverable from the indemnities' caused by the SUBCONTRACTOR. Provided, however, that SUBCONTRACTOR shall not Indemnify, defend or hold harmless indemnities' from or against any liabilities, costs or expenses to the extent due to the negligence of indemnities', its employees or agents.

8. Non-Compete.

SUBCONTRACTOR shall for a period of (2) years after written notice of termination is given by either party to the other, may not work at a location that currently is nor was a client of the CONTRACTOR or work for any competitor of the CONTRACTOR at a location that currently is nor was a client of the CONTRACTOR. Should SUBCONTRACTOR fail or refuses to fulfill obligations under this section, SUBCONTRACTOR shall reimburse CONTRACTOR the sum of $100,000.00 (one hundred thousand dollars) or (5) five times the sum of the previous year's annual billing to the client. Whichever is the greater sum and for all costs of collection, including reasonable attorneys' fees incurred to collect any monies due but unpaid in accordance with the terms of this section.

9. Miscellaneous.

9.1. Construction. This Agreement shall be construed and enforced in accordance with, and all questions concerning this construction, validity, interpretation and performance of this Agreement shall be governed by, the laws of the State of New York without giving effect to provisions thereof regarding conflict of laws.

9.2. Consent to Jurisdiction and Service of Process. The parties hereto hereby consent

to the jurisdiction of any state or federal court located within the County of New York, State of New York, county of Suffolk and irrevocably agree that all actions or proceedings arising out of or relating to this Agreement or the other related documents shall be litigated in such courts. Each of the parties hereto accept for itself and in connection with its properties, generally and unconditionally, the nonexclusive jurisdiction of the aforesaid courts and waive any defense of forum non convenience, and irrevocably agree to be bound by any judgment rendered thereby in connection with this Agreement.

9.3. Notices. All necessary notices, demands and requests required or permitted to be

given hereunder shall be deemed duly given when actually delivered subject to the subsequent designation of another address, addressed as follows:

If to CONTRACTOR: Aron Security dba Arrow Security, Inc. 300 West Main Street Smithtown, N.Y. 11787

Attn: Peter G. Curcio Chief Operating Officer

If to SUBCONTRACTOR: ET SECURITY INC with its offices at:

7100 HAYVENHURST AVE

STE 318

VANNUYS [State], CA 91406

Attn: Eddie Tucker [Print Name]

PRESIDENT [Title/ Must be Officer of Company]

9.4. Headings; Context. The headings of the sections contained in this Agreement are

for convenience of reference only and do not form a part hereof and in no way modify, interpret or construe the meaning of this Agreement.

9.5. Counterparts. This Agreement may be executed in counterparts, all of which shall be considered one and the same agreement, and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered to the other.